UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHANIE L. PICKERING and TERRY A. O'KEEFE,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA HOME LOANS, *et al.*,<br><br>Defendants. | Case No. C15-1983 RSM<br><br>ORDER GRANTING DEFENDANT QUALITY LOAN SERVICE CORPORATION OF WASHINGTON'S MOTION TO DISMISS |

## I.  INTRODUCTION

This matter comes before the Court on Defendant Quality Loan Service Corporation of Washington ("QLS")'s Motion to Dismiss pursuant to Rule 12(b)(6). Dkt. #10.  QLS argues that Plaintiffs' Complaint fails to allege any facts to support the claims brought against QLS and thus fails to state a claim upon which relief can be granted.  Dkt. #10.  Plaintiffs oppose this Motion. Dkt. #11.  For the reasons set forth below, the Court agrees with Defendant QLS and GRANTS its Motion to Dismiss.

## II.  BACKGROUND[1]

The Court need not recite all the facts of the case for purposes of this Motion and will focus on the facts related to movant QLS.

---

[1] The following background facts are taken from Plaintiffs' Complaint, Dkt. #1, and accepted as true for purposes of ruling on this Motion to Dismiss.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

Plaintiffs Stephanie L. Pickering and Terri A. O'Keefe bring this action against Defendants Bank of America Home Loans, Bank of America, N.A., QLS, Mortgage Electronic Registration System ("MERS") and Does 1-10 under several causes of action for mishandling of Plaintiffs' loan modification application. Dkt. #1 at 5.

In July of 2008, Plaintiffs executed a negotiable promissory note and a security interest in the form of a deed of trust in the amount of $210,000 in favor of Golf Savings Bank/JP Morgan Chase. *Id*. at 7. Plaintiffs refinanced and executed a negotiable promissory note and a security interest in the form of a Deed of Trust in the amount of $207,000 to Defendant Bank of America Home Loans. Plaintiffs experienced financial difficulties and appear to have defaulted on their mortgage in July of 2011. *Id.* Plaintiffs contacted Defendant Bank of America, N.A. and requested mortgage assistance by way of loan modification, but instead entered into a "Special Forbearance Agreement." *Id.* at 8. Plaintiffs allege that they satisfied this agreement and qualify for a loan modification, but Bank of America N.A. "is threatening foreclosure" and state that Plaintiffs owe $72,769.02. *Id*. at 9.

The Complaint asserts that QLS "is a trustee service." *Id.* at 3. The Complaint goes on to state under its Violation of Fair Debt Collection Practices Act ("FDCPA") cause of action that QLS "does not have the authority to collect payments and or threaten to foreclose on Plaintiff's real property," but has "schedule[d] a Trustee sale date of January 29, 2016 despite their lack of authority to do so." *Id*. at 1. Plaintiffs fail to allege any other facts specifically related to QLS and the events giving rise to this Complaint.

//

//

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2

## III.  DISCUSSION

### A.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways: (1) a "facial" attack that accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction, or (2) a "factual" attack that contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings.  *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014).  When a party raises a facial attack, the court resolves the motion as it would under Rule 12(b)(6), accepting all reasonable inferences in the plaintiff's favor and determining whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.  *Id.* at 1122.  In making a Rule 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).  However, the court is not required to accept as true a "legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678.  This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Absent facial plausibility, a plaintiff's claims must be dismissed. *Id.* at 570.

### B. Request for Judicial Notice

As an initial matter, QLS asks the Court to take judicial notice of certain public records outside the pleading materials. Dkt. #10 at 2 (citing *Chapel v. Mortg. Elec. Registration Sys.*, 2010 U.S. Dist. LEXIS 143524, *6-7 (W.D. Wash. Nov. 2, 2010) ("the Court may take judicial notice of public records when considering a 12(b)(6) motion to dismiss"). These documents are listed as: Deed of Trust, recorded 4/30/2009 under Skagit County Auditor instrument number 200904300138; Assignment of Deed of Trust in favor of Bank of America, N.A., recorded 11/3/2011 under Skagit County Auditor instrument number 201111030055; Appointment of Successor Trustee appointing Quality Loan Service Corporation of Washington, recorded 8/6/2015 under Skagit County Auditor instrument number 201508060023; and Notice of Trustee's Sale, recorded 10/1/2015 under Skagit County auditor number 201510010057. *Id.* at 3. However, QLS does not attach these documents, and the Court does not need to rely on these to reach its conclusion below. Therefore, the Court will defer its ruling on taking judicial notice of these records.

### C. Fair Debt Collection Practices Act Claim

QLS moves to dismiss Plaintiffs' FDCPA claim, brought under 15 U.S.C. §1692e. QLS argues the statute requires that the defendant be a "debt collector," defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." Dkt. #10 at 3 (citing 15 U.S.C. § 1692a(6)). QLS correctly points out that the Complaint fails to allege any communications from QLS. *Id.* QLS goes on to argue that other cases in the Ninth Circuit have consistently held that trustees, such as QLS, who foreclose pursuant to the Deed of Trust Act are not debt collectors seeking a debt. *Id.* at 4 (citing cases). QLS argues that even if the Court finds it was a debt collector,

Plaintiffs fail to allege facts sufficient to state a claim for relief under the Fair Debt Collection Practices Act, *e.g.* that QLS engaged in a false, deceptive, or misleading representations, and that "the Court and the litigants are left to speculate as to the actual facts that could raise a right to relief." *Id*. at 4-5.

In Response, Plaintiffs argue that "Plaintiff (sic) will prove their claim that Defendant QLS was acting on behalf of Defendant Bank of America, N.A.  While neither Defendant Bank of America, N.A. or QLS has the authority to evict anyone from this property; yet Defendant QLS continued with this outrageous and abusive behavior; often threatening to kick tenants out on the streets." Dkt. #11 at 4.  Plaintiffs cite Fourth Circuit law on whether a trustee can be a debt collector. *Id*. at 5.  Plaintiffs appear to argue that QLS sent a notice to Plaintiffs stating "<u>THIS IS AN ATTEMPT TO COLLECT A DEBT</u> THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." *Id* at 6-7 (emphasis in original).[2]  Plaintiffs' briefing appears to stop mid-sentence in response to QLS' argument that even if the Court finds it was a debt collector, Plaintiffs fail to allege facts sufficient to state a claim for relief under the Fair Debt Collection Practices Act. *See id*. at 7 ("Defendant QLS have conducted abusive collection practices towards").  Plaintiffs generally style their Response brief as an Answer, with "Deny" listed after each of QLS' arguments. *See id.*

On Reply, QLS argues that Ninth Circuit law should apply to this case rather than Fourth Circuit law when it comes to interpreting the FDCPA.  Dkt. #12 at 2.  QLS appears to argue that even if it had done the acts alleged by Plaintiffs, it would not constitute "debt

---

[2] The Court notes that it is unclear whether Plaintiffs are alleging that QLS sent a communication with this language, and that this exact language appears twice in Plaintiffs' briefing, previously as a quote from the case *Townsend v. Federal National Mortgage Association, et al.,* 2013 U.S. Dist. LEXIS 18588 (W.D. Va. 2013). Obviously, the presence of such a communication in the facts of that case has no bearing on whether or not QLS sent such a communication in this case.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 5

collection activity" under Ninth Circuit law because QLS is a trustee. *Id.* at 2-3 (citing *Fong v. Prof'l Foreclosure Corp.*, 2005 U.S. Dist. LEXIS 31643 (W.D. Wash. Nov. 22, 2005); *Thepvongsa v. Reg'l Tr. Servs. Corp.*, 2011 U.S. Dist. LEXIS 7853, *10 (W.D. Wash. Jan. 26, 2011) (dismissing FDCPA claim against defendant trustee); *Corales v. Flagstar Bank, FSB*, 822 F. Supp. 2d 1102 (W.D. Wash. 2011) (granting summary judgment in favor of lender and MERS and granting motion to dismiss in favor of defendant Trustee); *Fagerlie v. HSBS Bank, NA*, 2013 U.S. Dist. LEXIS 65900 (W.D. Wash. May 8, 2013); *Neess v. Northwest Trustee Servs.*, 2012 U.S. Dist. LEXIS 189842 (W.D. Wash. Apr. 6, 2012)).

The Court finds that Plaintiffs have failed to assert sufficient facts in their Complaint to support this claim against QLS. Plaintiffs cannot simply allege facts in Response to QLS' Motion—these facts must be contained in the Complaint or an Amended Complaint to survive a Rule 12(b)(6) motion. Plaintiffs' Complaint fails to assert what QLS did or did not do with regard to Plaintiffs or their home loan, and fails to reference any communications between QLS and Plaintiffs. Without these facts, the Complaint is left with mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action," which fail to meet the Rule 12(b)(6) standard. *Twombly*, 550 U.S. at 555. Accordingly, this claim will be dismissed. Without a clear factual background, the Court cannot determine if QLS is *per se* exempt from this claim due to its status as a trustee.

**D. Declaratory Relief**

QLS also argues that the Court should dismiss the cause of action for Declaratory Relief as to QLS because "[t]his count and its underlying allegations, however, rest upon an unsupported suggestion that a party to the foreclosure asserted that MERS is the beneficiary of

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 6

the subject Deed of Trust." Dkt. #10 at 5-6. QLS cites to the documents that it requested the Court take judicial notice of, as stated above.

The Court finds that it need not determine the validity of this cause of action as brought against MERS or the other Defendants. At this time, the Court can easily dismiss this claim as against QLS because QLS is not clearly implicated by the claim as drafted, and for the same lack of factual foundation explained above. Accordingly, the Complaint as it stands now asserts no valid causes of action against Defendant QLS.

### E. Request for Attorney's Fees

The Court notes that QLS requests an award of attorney's fees "pursuant to the underlying Deed of Trust." Dkt. #10 at 6. No further explanation or analysis is offered. The Court will deny this request based on the limited record before it.

### F. Leave to Amend

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The Court finds that the factual deficiencies identified above can potentially be cured and will grant Plaintiffs leave to file an amended complaint.

### IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant Quality Loan Service Corporation of Washington's Motion to Dismiss (Dkt. #10) is GRANTED.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 7

2) Plaintiffs' claims against QLS are dismissed without prejudice.

3) Plaintiff is granted leave to file an Amended Complaint curing the above-mentioned deficiencies **no later than twenty-one (21) days** of the date of this Order. Failure to file an Amended Complaint within this time period will result in dismissal of these claims with prejudice.

DATED this 26th day of May 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 8