UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHANIE L. PICKERING and TERRY A. O'KEEFE,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA HOME LOANS, *et al.*,<br><br>Defendants. | Case No. C15-1983 RSM<br><br>ORDER GRANTING DEFENDANT QUALITY LOAN SERVICE CORPORATION OF WASHINGTON'S MOTION TO DISMISS |

## I.  INTRODUCTION

This matter comes before the Court on Defendant Quality Loan Service Corporation of Washington ("QLS")'s Second Motion to Dismiss pursuant to Rule 12(b)(6). Dkt. #26. QLS argues that Plaintiffs' Amended Complaint fails to allege any facts to support the claims brought against QLS and thus fails to state a claim upon which relief can be granted. Plaintiffs oppose this Motion. Dkt. #29. For the reasons set forth below, the Court agrees with Defendant QLS and GRANTS its Second Motion to Dismiss with prejudice.

## II.  BACKGROUND[1]

The Court need not recite all the facts of the case for purposes of this Motion and will focus on the facts related to movant QLS.

---

[1] Except as otherwise noted, the following background facts are taken from Plaintiffs' Amended Complaint, Dkt. #22, and accepted as true for purposes of ruling on this Motion to Dismiss.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

Plaintiffs Stephanie L. Pickering and Terri A. O'Keefe bring this action against Defendants Bank of America Home Loans, Bank of America, N.A., QLS, Mortgage Electronic Registration System ("MERS") and Does 1-10 under several causes of action for mishandling of Plaintiffs' loan modification application. Dkt. #22.

Plaintiffs' original Complaint was filed on December 16, 2015. Dkt. #1. On March 3, 2016, Defendant QLS filed a Motion nearly identical to the instant Motion, seeking dismissal of claims against it under Rule 12(b)(6). Dkt. #10. On May 26, 2016, the Court granted QLS' Motion, dismissed Plaintiffs' claims against QLS without prejudice, and granted Plaintiffs leave to amend their Complaint to rectify the factual deficiencies described in the Order. Dkt. #18. Plaintiffs filed their Amended Complaint on June 16, 2016. Dkt. #22.

Plaintiffs allege in their Amended Complaint that they executed a negotiable promissory note and a security interest in the form of a deed of trust in the amount of $210,000 in favor of Golf Savings Bank/JP Morgan Chase in July of 2008. *Id*. at 6. Plaintiffs refinanced and executed a negotiable promissory note and a security interest in the form of a Deed of Trust in the amount of $207,000 to Defendant Bank of America Home Loans. Plaintiffs experienced financial difficulties and appear to have defaulted on their mortgage in July of 2011. *Id.* Plaintiffs contacted Defendant Bank of America, N.A. and requested mortgage assistance, instead they entered into a "Special Forbearance Agreement." *Id.* at 7. Plaintiffs allege that they satisfied this agreement and qualify for a loan modification. *Id*. Instead, Bank of America N.A. "is threatening foreclosure" and state that Plaintiffs owe $72,769.02. *Id*. at 8.

The Amended Complaint asserts that QLS "is a trustee service." *Id.* at 3. The Amended Complaint goes on to state under its Violation of Fair Debt Collection Practices Act ("FDCPA") cause of action that QLS "does not have the authority to collect payments and or

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2

threaten to foreclose on Plaintiff's real property," but has "schedule[d] a Trustee sale date of January 29, 2016 despite their lack of authority to do so." *Id.* at 11. Plaintiffs fail to allege any other facts specifically related to QLS in their Amended Complaint.

### III.     DISCUSSION

#### A.  Legal Standard

In making a Rule 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id.* at 570.

#### B.  Request for Judicial Notice

As an initial matter, QLS asks the Court to take judicial notice of certain public records outside the pleading materials. Dkt. #26 at 2 (citing *Chapel v. Mortg. Elec. Registration Sys.*, 2010 U.S. Dist. LEXIS 143524, *6-7 (W.D. Wash. Nov. 2, 2010) ("the Court may take judicial notice of public records when considering a 12(b)(6) motion to dismiss"). These documents

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 3

are listed as: Deed of Trust, recorded 4/30/2009 under Skagit County Auditor instrument number 200904300138; Assignment of Deed of Trust in favor of Bank of America, N.A., recorded 11/3/2011 under Skagit County Auditor instrument number 201111030055; Appointment of Successor Trustee appointing Quality Loan Service Corporation of Washington, recorded 8/6/2015 under Skagit County Auditor instrument number 201508060023; and Notice of Trustee's Sale, recorded 10/1/2015 under Skagit County auditor number 201510010057. *Id*. at 3. These documents are attached to the Motion at Dkt. #26-1. The Court finds that it need not examine these documents to reach the ruling below and will defer its ruling.

### C. Factual Amendments to Complaint

QLS begins by arguing:

> The Amended Complaint runs twenty (20) pages, containing no assertion of fact as to any specific conduct of QLS. Indeed, absent a statement conceding QLS' status as a trustee service that operates, and therefore has a presence in the State of Washington, there is no reference at all to QLS in the alleged facts. The only allegation against QLS is found within a listed cause of action in paragraph 29, which is word-for-word identical to the same sole allegation against QLS in the initial complaint. Within this paragraph, Plaintiff makes a conclusory assertion that QLS did not have authority to collect payments or threaten to foreclose on property, and that QLS scheduled a Trustee's Sale lacking authority. As QLS's motion to dismiss was granted based upon Plaintiffs' failure to assert these basic factual allegations, Plaintiffs have failed to cure the defect that was fatal to their initial complaint.

Dkt. #26 at 2.

Plaintiffs respond with a brief identical to previous brief responding to QLS' Motion to Dismiss, with the addition of section "C" addressing whether leave to amend should be granted again. *See* Dkt. ##11, 29. Plaintiffs' brief even includes the same fragment sentence on page 6, "Defendant QLS have conducted abusive collection practices towards," Dkt. #29 at 6, pointed

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 4

out in the Court's prior Order. Plaintiffs fail to respond to QLS' point above—that there are no new factual assertions correcting the deficiencies noted by the Court's prior Order.

On Reply, QLS makes the same arguments as its prior Reply in support of its prior Motion to Dismiss. Dkt. #30. QLS also argues that Plaintiffs' Response "appears to be nearly identical, verbatim, to their previous opposition to Defendant QLS's Motion to Dismiss, introducing no new legal arguments whatsoever." *Id.* at 3. QLS concludes with the following:

> Plaintiffs allege that this Court should look to the substance of their complaint rather that the form. Fatal to their argument, though, is that their Amended Complaint contains no substantial allegations against QLS whatsoever; indeed, their Amended Complaint contains even fewer factual allegations as to QLS than their initial Complaint. As Plaintiffs have failed to avail themselves of their opportunity to cure the paucity of facts alleged in their initial Complaint, which resulted in its dismissal, this Court should not grant them a third opportunity.

*Id.* at 6.

The Court agrees and finds that Plaintiffs have failed to adequately amend their Complaint to address the factual deficiencies described in the Court's prior Order, Dkt. #18. Plaintiffs add no new factual background linking QLS to the causes of action against it, instead relying on insufficient "labels and conclusions" and "formulaic recitation of the elements of a cause of action," which previously failed and continue to fail to meet the Rule 12(b)(6) standard. *See* Dkt. #18 (setting forth grounds to dismiss these same claims); *Twombly*, 550 U.S. at 555. Accordingly, all of Plaintiffs' claims against Defendant QLS must be dismissed.

**D. Request for Attorney's Fees**

The Court notes that QLS again requests an award of attorney's fees "pursuant to the underlying Deed of Trust." Dkt. #30 at 6. No further explanation or analysis is offered. The

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 5

Court will deny this request at this time and direct Defendant QLS to file a separate Motion for Attorney's Fees setting forth the legal arguments and factual support for such a Motion.

### E. Leave to Amend

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Plaintiffs argue in Section C of their Response that "[a] pro se plaintiff's pleadings and filings are liberally construed and are held to a less stringent standard than documents drafted by attorneys." *Id.* at 8 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011). Even holding Plaintiffs to this less stringent standard, given Plaintiffs' inability to cure the factual deficiencies identified in the Court's prior Order, the Court finds that further amendment could not possibly cure the deficiency and that leave to amend is not warranted.

### IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant Quality Loan Service Corporation of Washington's Motion to Dismiss (Dkt. #26) is GRANTED.

2) Plaintiffs' claims against QLS are dismissed with prejudice.

3) Defendant Quality Loan Service Corporation of Washington may file a Motion for Attorney's Fees, setting forth the legal and factual basis for those fees, no later than **fourteen (14) days** from the date of this Order. This Motion shall be limited to five

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 6

(5) pages and supported by documentary evidence reflecting the amount of fees sought.  Plaintiffs may file a Response no later than the noting date of Defendant's Motion and this Response shall be limited to five (5) pages.  No Reply is permitted.

DATED this 18th day of August 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 7