UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHANIE L. PICKERING and TERRY A. O'KEEFE,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA HOME LOANS, *et al.*,<br><br>Defendants. | Case No. C15-1983-RSM<br><br>ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT |

## I.      INTRODUCTION

This matter comes before the Court on Defendant Bank of America, N.A. ("BANA")'s Motion to Dismiss, Dkt. #41.  For the reasons stated below, the Court GRANTS Defendant's Motion and dismisses this case.

## II.      BACKGROUND[1]

### A.  Factual Background

In July of 2008, Plaintiffs Stephanie L. Pickering and Terri A. O'Keefe executed a negotiable promissory note and a security interest in the form of a Deed of Trust in the amount of $210,000 in favor of Golf Savings Bank/JP Morgan Chase.  On or about June, 2009, Plaintiffs refinanced and executed a negotiable promissory note and Deed of Trust for $207,000

---

[1] The following background facts are taken from Plaintiffs' Amended Consolidated Complaint, Dkt. #40, and accepted as true for purposes of ruling on this Rule 12(b)(6) Motion to Dismiss.

ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT - 1

with one or more Defendants.  Plaintiffs experienced financial difficulties and appear to have defaulted on their mortgage in July of 2011.  Plaintiffs contacted Defendant BANA and requested mortgage assistance; instead they entered into a "Special Forbearance Agreement." Plaintiffs allege that they satisfied this agreement and qualify for a loan modification. However, BANA "is threatening foreclosure" and state that Plaintiffs owe $72,769.02.

**B. Procedural Background**

On December 16, 2015, Plaintiffs Stephanie L. Pickering and Terri A. O'Keefe brought this action against Defendants Bank of America Home Loans, Bank of America, N.A. ("BANA"), Quality Loan Service Corporation of Washington ("QLS"), Mortgage Electronic Registration System ("MERS") and Does 1-10 under several causes of action for mishandling of Plaintiffs' loan modification application.  *See* Dkt. #1 at 1-5.  On May 26, 2016, the Court granted a Motion to Dismiss filed by QLS giving Plaintiffs leave to amend their Complaint to rectify the factual deficiencies described in the Order.  Dkt. #18.  Plaintiffs filed their first Amended Complaint on June 16, 2016.  Dkt. #22.

Meanwhile, on March 24, 2016, Plaintiffs filed a parallel action in this court under case number 16-cv-427-JLR.  This second action was brought against Defendants Bank of America Home Loans, BANA, and Does 1-5, and listed the following causes of action: Intentional Misrepresentation, Negligent Misrepresentation, and Justifiable Reliance.  Case No. 16-cv-427-JLR, Dkt. #1.

On May 27, 2016, BANA moved the Court to consolidate these cases, and on July 11, 2016, the Court granted this Motion.  Dkt. #28.  On August 18, 2016, the Court granted QLS' second Motion to Dismiss and dismissed all claims against them with prejudice.  Dkt. #32.  The Court then ordered Plaintiffs to file an amended consolidated complaint.  Dkt. #37.

ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT - 2

Plaintiffs filed their Amended Consolidated Complaint ("Complaint") in this matter on October 24, 2016.  Dkt. #40.  On November 14, 2016, Defendant BANA filed the instant Motion to Dismiss, noted for the Court's consideration on December 16, 2016.  Dkt. #41. Plaintiffs filed their Response on December 8, 2016, and BANA filed its Reply brief on December 16, 2016.  Dkts. #43 and 44.  On January 9, 2017, Plaintiffs filed a Surreply.  Dkt. #45.

### III.   DISCUSSION

**A. Legal Standard**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id*. at 678.  This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Absent facial plausibility, Plaintiff's claims must be dismissed.  *Id*. at 570.

**B. Plaintiff's Surreply**

As an initial matter, the Court notes that Plaintiff's response to BANA's Reply brief constitutes an impermissible surreply.  *See* Dkt. #45.  The Court's Local Rules do not allow the

ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT - 3

parties to attack each others' arguments in perpetuity.  Additional briefing after a reply brief is allowed in only a few circumstances.  Under Local Rule 7(g), the Court will only consider a surreply if it is a motion to strike material contained in a reply brief.  "Extraneous argument or a surreply filed for any other reason will not be considered."  LCR 7(g)(2).  Plaintiffs' surreply argues why each of BANA's arguments is incorrect and does not move to strike material.  The Court will not consider this brief and will strike it as procedurally improper.

**C.  Defendant's Motion**

### 1.  Citation to Special Forbearance Agreement

The Court notes that BANA cites to the actual Special Forbearance Agreement referenced in Plaintiffs' Complaint, and includes a copy with their Motion.  BANA argues that the Court may take judicial notice of this document.  *See* Dkt. #41 at 4 (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the Plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").  Plaintiffs do not object.  The Court agrees with BANA that it may take judicial notice of the Special Forbearance Agreement given that the Complaint refers to the document, that it is central to Plaintiffs' contract claims, and that its authenticity has not been questioned.

### 2.  Breach of Contract Claim

BANA argues that Plaintiffs' breach of contract claim fails because it cites only the Special Forbearance Agreement generally without alleging BANA violated any specific provision of the agreement.  Dkt. #41 at 5.  BANA argues that Plaintiffs "instead attempt to add to the written agreement terms not found in the text…. Plaintiffs allege only that they 'were

promised if the [sic] kept the terms of the Special Forbearance Agreement, they would be able to obtain a loan modification.'" *Id.* (citing Dkt. #40 at ¶ 30). BANA argues that the plain text of the Special Forbearance Agreement contradicts this claim and that no term of the Agreement makes any promise of a loan modification whatsoever. *Id.* BANA argues that because Plaintiffs misrepresent the contract and fail to cite to any breached term, dismissal of this claim is warranted.

In their Response Brief, Plaintiffs fail to address this claim and effectively concede the point.

The Court has reviewed BANA's arguments and the attached Special Forbearance Agreement and finds Plaintiffs' claim inconsistent with the language of the Agreement. The Court agrees with BANA—Plaintiffs cannot bring a breach of contract claim without citing a specific term of the contract allegedly breached. Plaintiff's claim fails to contain "sufficient factual matter to state a claim to relief that is plausible on its face," and the Court is left unable to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Accordingly, dismissal of this claim against all parties is warranted.

### 3. Breach of Implied Contract Claim

BANA argues that Plaintiff's second claim "attempts to recast the same allegation [from the first claim] as breach of an implied contract," citing to paragraph of 35 of the Complaint, which states "Plaintiffs were lead to believe that if they adhered to the terms of the Special Modification (sic) Agreement which they signed in August 2011; and adhered to all the terms and conditions of this Agreement, they would be given a loan modification." Dkt. #41 at 6 (citing Dkt. #40 at ¶35). BANA argues that this claim fails because it is barred by the statute of frauds and because the Special Forbearance Agreement contained an integration clause. *Id.* at 7

ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT - 5

(citing the Special Forbearance Agreement).  BANA argues that the statute of frauds requires that agreements relating to an interest in real property, including mortgages, be in a signed writing.  RCW 64.04.010.  BANA argues that "Washington has consistently declined to accept the argument that contracts within the statute of frauds may be enforceable under the doctrine of promissory estoppel."  Dkt. #41 at 7 (citing *Greaves v. Medical Imaging Systems, Inc.*, 124 Wash.2d 389, 397-401 (1994)).

In Response, Plaintiffs argue they "were led to believe if they timely paid the Special Forbearance Agreement they would be given a loan modification," and that "a deal is a deal." Dkt. #43 at 3.  Plaintiffs argue that an agent can enter a contract that binds the principal if the agent has actual or apparent authority and that agency is a question of fact, however Plaintiffs fail to address the statute of frauds or integration clause arguments of BANA.  *See id*. at 3-4.

The Court finds that Plaintiffs have failed to present any argument as to why this claim survives the statute of frauds and integration clause arguments raised by BANA.  Instead of addressing these applicable barriers to their case, Plaintiffs cite the law of agency.  Plaintiff's allegation that someone acting on behalf of Defendants promised them a loan modification would only warrant proceeding with this claim if the statute of frauds did not apply or there was not a signed written contract with an integration clause.  The Court finds that the statute of frauds applies to this case and prevents Plaintiffs from making this claim.  The Court finds that the parties signed an agreement with an integration clause preventing Plaintiffs from making this claim.  Accordingly, this claim is dismissed against all parties.

### 4. Declaratory Relief Claim

BANA argues that this claim fails if there is no actual controversy between the parties, and with the dismissal of the above claims, nothing is left to dispute.  Dkt. #41 at 7-8 (citing

ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT - 6

*Marin v. Lowe*, 8 F.3d 28 (9th Cir. 1993); *Bisson v. Bank of America, N.A.*, 919 F.Supp. 2d 1130, 1139-1140 (W.D. Wash. 2013) (court explained that "Plaintiffs might have a claim for declaratory relief if they could properly plead a cause of action that establishes that they have a legal right" to such relief, "but without such a cause of action, there is no claim for declaratory relief.")).

In Response, Plaintiffs appear to argue that the Home Affordable Modification Program could serve as a basis for this claim.  Dkt. #43 at 4-6.  Plaintiffs do not address BANA's arguments.

On Reply, BANA argues that it is improper for Plaintiffs to raise a legal theory not pled in the Complaint and that even if it were proper, "HAMP does not recognize 'a private right of action against lenders or servicers.'"  Dkt #44 at 4-5 (citing *Timmerman v. HSBC BANK USA, N.A.*, No. C16-9RAJ, 2016 BL 246562, 5 (W.D. Wash. July 29, 2016)).

The Court finds that there is no actual controversy between the parties, having dismissed Plaintiffs' remaining claims against BANA and indeed all other Defendants.  Plaintiffs cannot make new allegations in a Response brief.  Accordingly, the Court will dismiss this claim as well.  *See Bisson*, *supra*.

### D.  Leave to Amend

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  The Court notes that Plaintiffs have had multiple opportunities to plead their case and have presented only claims that are plainly inconsistent with the documents on which they are inherently based.  The Court further notes

that Plaintiffs have failed to address BANA's arguments and have given no indication that they can get around the legal problems of their claims with additional pleading.  The Court finds that Plaintiff cannot allege different facts, consistent with the challenged pleading, which could survive dismissal and that therefore dismissal with prejudice is warranted.

## IV.    CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1)  Plaintiffs' Response to Defendant's Reply, Dkt. #45, is STRICKEN.

2)  Defendant's Motion to Dismiss, Dkt. #41, is GRANTED.   Plaintiff's claims are DISMISSED with prejudice.

3)  This case is CLOSED.

DATED this 24 day of January, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT - 8