1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10
11
12
13
14
15
16

STEPHANIE L. PICKERING and TERRY A. O'KEEFE,

Plaintiffs,

v.

BANK OF AMERICA HOME LOANS, *et al.*,

Defendants.

Case No. C15-1983-RSM

ORDER DENYING MOTION TO RECUSE

17
18
19
20
21
22
23
24
25
26
27
28

This matter comes before the Court on Plaintiffs' Motion for Recusal. Dkt. #57. Plaintiffs move to "recuse the Honorable Ricardo S. Martinez for the reasons that the said judge is biased and prejudiced against the Plaintiffs, especially those appearing in *Pro Se*." *Id*. at 1. Plaintiffs base their Motion on the Court's January 24, 2017, Order, arguing that the undersigned judge "clearly gave no serious consideration to Plaintiff's claims regarding Bank of America's RESPA violations," "set forth everything the Plaintiffs had done wrong… but totally ignored Bank of America's RESPA violations" and "dismissed the entire case with prejudice." *Id*. at 3. Plaintiffs argue that this reflects bias. Plaintiffs cite the subsequent Ninth Circuit opinion finding that this court failed to address Plaintiffs' RESPA allegations. *Id*. Plaintiffs reiterate the merits of their case, and argue that the Court "was on Bank of America's side from

ORDER DENYING MOTION TO RECUSE - 1

the very beginning!" *Id*. at 6.  Plaintiffs attach no declarations, exhibits, or other evidence to their Motion.  Defendant Bank of America has submitted a Response opposing the Motion. Dkt. #58.

Under this Court's Local Rules, this motion is first reviewed by the challenged Judge and then referred to another judge for review.  LCR 3(e).  Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned."  Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding.  *See* 28 U.S.C. § 455(b)(1). "[A] judge's prior adverse ruling is not sufficient cause for recusal."  *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

The Court finds that Plaintiffs are relying solely on this Court's prior adverse ruling as evidence of bias, and that this is insufficient to warrant recusal.  *See Studley, supra; Taylor, supra.*  Plaintiffs cite to no extrajudicial evidence.  Plaintiffs' arguments do not indicate a reasonable basis to question impartiality.  Accordingly, the undersigned judge declines to voluntarily recuse himself.  The Court notes that Plaintiffs' RESPA claims remain to be addressed by this Court pursuant to the Ninth Circuit's Opinion.

Having reviewed the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS:

1.    Plaintiffs' Motion for Recusal, Dkt. #57, is DENIED.

ORDER DENYING MOTION TO RECUSE - 2

2. In accordance with LCR 3(e), this Order is referred to the Honorable Ronald B. Leighton, the senior active judge in this District, for review of this decision.

3. The Clerk is directed to provide copies of this Order to U.S. District Judge Ronald B. Leighton and to Plaintiffs at 1720 S. 3rd Street, Mount Vernon, WA 98273.

DATED this 23 day of January, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO RECUSE - 3