UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEPHANIE L. PICKERING and TERRY A. O'KEEFE,

Plaintiffs,

v.

BANK OF AMERICA HOME LOANS, *et al.*,

Defendants.

Case No. C15-1983-RSM

ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT

This matter comes before the Court on Defendants Bank of America, N.A. ("BANA") and Mortgage Electronic Registration Systems, Inc. ("MERS")'s Motion to Strike Plaintiffs' Second Amended Complaint. Dkt. #62. Defendants include an "anticipatory Opposition to a Motion For Leave to Amend." *Id*. This Motion was filed on February 15, 2018, and noted for consideration on March 2, 2018. A certificate of service indicates that this Motion was mailed to Plaintiffs prior to or concurrent with filing. *Id*. at 10. On March 5, 2018, the Court received Plaintiffs' Response brief, signed and dated February 28, 2018. Dkt. #63.

Defendants argue that "[t]he majority of the RESPA claims raised in Plaintiffs' SAC should be stricken because Defendants did not consent to Plaintiffs' filing of an amended complaint nor did Plaintiffs seek leave of Court to do so," and that "the majority of the RESPA

ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT - 1

claims raised in the SAC are the same as those raised in the operative Complaint in these proceedings, thereby making the RESPA claims raised in the SAC redundant and ripe to be stricken." *Id.* at 2.

The Court has reviewed Defendants' Motion and the remainder of the record. The Court concludes that Plaintiffs' Second Amended Complaint should not be stricken because it essentially puts forward the RESPA claim permitted by the Ninth Circuit. *See* Dkt. #52. Defendants are correct that the Ninth Circuit did not permit Plaintiffs to amend their Complaint, and a fair reading of the Ninth Circuit Opinion would lead to the conclusion that no amendment was necessary for this Court to address Plaintiffs' existing RESPA claims.

Further, as Defendants note, Federal Rule of Civil Procedure 15(a)(2) required Plaintiffs to seek leave of the Court before amending their Complaint. However, the Court concludes that it would have granted leave for Plaintiffs to amend their Complaint for purposes of clarity and consistent with this Court's liberal policy to grant such leave. *See* Fed. R. Civ. P. 15(a)(2); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Court is not persuaded by Defendants' arguments of bad faith and undue delay. Dkt. #62 at 7–8. The Court disagrees that bad faith has been shown here, instead finding that Plaintiffs could have believed, in good faith, that amendment was necessary given the Ninth Circuit's Opinion. The delay in this case does not alone warrant denying leave to amend. Defendants do not present evidence of prejudice. Because Defendants have presented their arguments against granting such leave, and keeping in mind the interest of judicial economy, the Court will not require Plaintiffs to file a motion for leave to amend.

The Court was able to reach its decision without relying on Plaintiffs' untimely Response brief. The Court notes that Plaintiffs, whether intentionally or not, have repeatedly

ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT - 2

violated this Court's Local Rules and that this Order should not be taken as a free pass to continue to do so. Plaintiffs must respond to Motions pursuant to the deadlines of Local Rule 7(d), or present concrete evidence of why they were unable to do so.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Strike Plaintiffs' Second Amended Complaint, Dkt. #62, is DENIED.

DATED this 7 day of March, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE