UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHANIE L. PICKERING and TERRY A. O'KEEFE,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA HOME LOANS, *et al.*,<br><br>Defendants. | Case No. C15-1983-RSM<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES |

This matter comes before the Court on Plaintiffs' "Reply and Request to Strike Defendants' Affirmative Defenses." Dkt. #68. The Court interprets Plaintiffs' filing as a Motion to Strike under Rule 12(f).

An affirmative defense must be pled in such a way that plaintiffs have "fair notice" of the defense, which generally requires that defendants state the nature and grounds for the affirmative defense. *Employee Painters' Trust v. Pac. Nw. Contractors, Inc.*, 2013 WL 1774628, at *4 (W.D. Wash. Apr. 25, 2013).

Defendant Bank of America, N.A. ("BANA") opposes this Motion, arguing:

> Plaintiffs do not raise legal challenges to the affirmative defenses raised in BANA's Answer To Plaintiffs' Second Amended Complaint For Violation of Real Estate Settlement Procedures Act

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES - 1

(RESPA) 12 CFR 1024.41, ECF No. 66, pp. 10-15, ¶¶ 1-24. Instead, Plaintiffs' use their Motion To Strike to raise factual challenges to BANA's affirmative defenses, *See generally*, ECF No. 68. At its heart, Plaintiffs' Motion to Strike is not a challenge to the propriety of BANA's affirmative defenses but instead is an attempt by Plaintiffs to litigate the facts underlying their suit.

Dkt. #70 at 1–2.

The Court agrees with Defendant. Plaintiffs appear to be moving for judgment on the pleadings, or even making arguments for trial, by relying on the factual assertions in their Second Amended Complaint. These type of arguments do not satisfy the standard for a motion to strike. However, the Court has reviewed Defendant's affirmative defenses and finds that many of them do not provide adequate notice to Plaintiffs because they do not state the nature and grounds for asserting that affirmative defense. Accordingly, the Court will strike Defendant's Second (Laches/Estoppel), Fourth (Waiver), Sixth (Contribution), Seventh (Fault of Others), Eighth (Offset), Fifteenth (Intervening Acts), Seventeenth (Unjust Enrichment), Nineteenth (Unclean Hands), Twentieth (Mistake), and Twenty-Third (Statute of Limitations) Affirmative Defenses. Defendant requests leave to amend its Answer and the Court finds that such leave should be given under these circumstances. The Court notes that Defendant's remaining affirmative defenses provide adequate notice, as demonstrated by Plaintiffs' detailed arguments in the instant Motion.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) The following affirmative defenses in Defendant BANA's Answer are STRICKEN: Defendant's Second (Laches/Estoppel), Fourth (Waiver), Sixth (Contribution), Seventh (Fault of Others), Eighth (Offset), Fifteenth (Intervening Acts), Seventeenth

(Unjust Enrichment), Nineteenth (Unclean Hands), Twentieth (Mistake), and Twenty-Third (Statute of Limitations) Affirmative Defenses.

2) Defendant BANA is granted leave to file an Amended Answer curing the above-mentioned deficiencies **no later than thirty (30) days** from the date of this Order.

DATED this 2 day of May, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES - 3