UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHANIE PICKERING and TERRY A. O'KEEFE,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA HOME LOANS; BANK OF AMERICA, N.A.; QUALITY LOAN SERVICING CORP. WASHINGTON; MORTGAGE ELECTRONIC REGISTRATION SYSTEM ("MERS"); and DOES 1-10, Inclusively,<br><br>Defendants. | Case No. 2:15-cv-01983-RSM<br><br>ORDER DENYING PLAINTIFFS' MOTION TO VACATE ORDER AND SET ASIDE JUDGMENT |

This matter comes before the Court on Plaintiffs' "Motion to Vacate Order and Set Aside Judgment." Dkt. #107. The Court interprets Plaintiffs' filing as either a motion for reconsideration or a motion for relief from a judgment or order under Rule 60(b). The Court has determined it can rule on this Motion without responsive briefing.[1]

Plaintiffs seek to "vacate" the Court's prior Order, Dkt. # 105, arguing the Court denied them due process. Plaintiffs do not cite to Rule 59(e) or Rule 60(b), or cite to the standards for moving under those rules, or the standard for a motion for reconsideration. The Court notes that

---

[1] The Court notes that Plaintiffs inexplicably attached to their Motion an upside-down copy of a September 21, 2016, Order from this case, with the pages out of order. *See* Dkt. #107-1. This filing has no bearing on the issue before the Court.

ORDER DENYING PLAINTIFFS' MOTION TO
VACATE ORDER AND SET ASIDE JUDGMENT - 1

Plaintiffs have previously failed to clearly identify a motion for reconsideration as such. *See* Dkts. #39 and #85.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. Under Rule 60(b), "on motion and just terms, the court may relieve a party… from a final judgment, order, or proceeding for… mistake, inadvertence, surprise, or excusable neglect… newly discovered evidence… fraud… [if] the judgment is void… the judgment has been satisfied… or any other reason that justified relief." "Any other reason" is limited only to exceptional or extraordinary circumstances, and the moving party bears the burden of establishing the existence of such circumstances. *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982).

The Court finds Plaintiffs have provided no new evidence or legal argument showing the Court's prior order was in error, or that this case involves exceptional or extraordinary circumstances. Plaintiffs do not contest the Court's substantive reasons for dismissing this case on summary judgment; instead they repeat prior arguments as to the need for Rule 56(d) discovery. *See* Dkt. #107 at 2–3. Plaintiffs state that Ms. Pickering was incarcerated from approximately June 29, 2018, to July 27, 2018, and that this prevented her from conducting discovery before the deadline. *Id*. at 1–2. As the Court stated in its Order, this is a case where the parties had "ample opportunity to seek discovery" and "Ms. Pickering's short period of incarceration does not explain her failure to conduct discovery after her release." Dkt. #105 at 9. The Court finds that Plaintiffs have failed to demonstrate manifest error in these findings. In any event, the Court's decision was also based on Plaintiffs' "fail[ure] to show that further discovery would uncover specific facts that would prevent summary judgment" as required under that rule.

*Id*. at 10. Plaintiffs do not contest this finding. Plaintiffs provide no other basis to vacate or set aside the judgment in this case, and as such this Motion will be denied. The Court cautions Plaintiffs that it will not entertain further Motions lacking substantive arguments brought solely for the purpose of delay.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion to Vacate Order and Set Aside Judgment, Dkt. #107, is DENIED.

Dated this 29 day of May 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE